Mathews, J.
J. delivered the opinion of the court. The plaintiff and appellee, instituted this suit, in order to have a notarial act declar- ed null and void, as forged and fraudulent, and to obtain damages against Schons, for his agency in the forgery and fraud.
The act purports to be a donation of liberty, from the plaintiff to his slave, and seems to have been executed in due form, after the previous measures had been pursued, as required by law, to authorize the emancipation of a slave. In this Schons alone appears to have been active. He signed the petition to the court, in which authority to pass the act of emancipation is prayed for by the master, and, as it appears, was always present and aiding in the transac- tion. According to the provisions of the deed, the slave is not to enjoy his liberty, until after the death of his master: it is said to have been executed before Quinones, lately a notary of this city, is signed by him in that capacity, and by Belleurgy and Schons, as witness.
*406 To prove the forgery and falsehood of the instrument, the only person offered is Belleurgy; he swears that he did sign the act, but does not know the plaintiff-that he and Schons were in the habit of signing as witnesses, at the request of Quinones, instruments passed before him-that they were generally read to them, but not generally executed in their presence. Of the present act of emancipation, he declares that he has no recollection.
According to the practice of the courts of justice, in France, founded on the laws of that country, as the plaintiff's counsel has shewn, subscribing witnesses are not receivable, to invalidate instruments, which they have received. The rules of evidence in Spain are different. The valitity of an instrument may there be impeached, by the subscribing witnesses. But, in an allegation of falsehood and forgery of an instrument, three things must concur, in declaring it to be forged: viz. the witnesses must be of an unexceptionable character, they must all agrees that they were not present at its execution, and the notary must be shewn to be of bad character. There is also another mode of destroying the validity of an instrument, when the witnesses do not agree: viz. by prov *407 ing an alibi, Febrero 2, 1, 1, n. 35 and 2, 3, 4, n. 342.
In the present case, there are two witnesses only: one of them is attacked in the suit, as a principal agent in the fraud and forgery: the notary is dead, and we have no evidence as to his character. The instrument, being clothed with his signature, must be considered as attested by him, and his reputation not being impeached, we are bound to consider him as a man of good fame. The instrument is impugned by one witness only, (in opposition to the attestation of the notary) and he declares, that he does not know the plaintiff, and was in the habit of subscribing instruments for Quinones, in the absence of the contracting parties, but recollects nothing with regard to the instrument, which is the object of the present suit.
In pursuance to the rules cited, it is clear, that the evidence offered is insufficient to support the plaintiff's allegation of forgery, and the parish court erred, in giving judgment for him.
It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; and proceeding to give such a judgment as, in our opinion, ought to have been *408 given, it is ordered, adjudged and decreed, that there be judgment for the defendants and appellants, with costs of suit in both courts.
Morel for the plaintiff, Seghers for the defendants.