Porter, J.
delivered the opinion of the court. The appellant, who was defendant in *293 the court below, having failed to prosecute his appeal within one month, as prescribed by the act of the legislature, passed the 1st March, 1822, the record has been brought up by the appellee, who has prayed that the judgment of the inferior court should be affirmed with damages.
The only difficulty in acceding to the prayer of the appellee, is the manner in which the record is made up. There is neither statement of facts, special verdict, evidence taken down by the clerk, written document certified, or any thing equivalent thereto; and the question is presented, whether, in the absence of these, the judgment of the court below can be affirmed?
This question has already been before the court, in the case of Clarke vs. Parham, 3 Martin 405; and it was there held, that where the appellant did not bring up the facts of the case, so as to enable the court, to examine the record, and see whether there was error in the judgment complained of, that the judgment would be confirmed, and damages given for the delay.
The same point was again brought under consideration in Shannon vs. Barnwell & others, *294 4 Martin, 35, and received a similar decision. The opinion, there delivered, was sanctioned by that given in Dussuau & als. vs. Dussuau & al. 8 Martin, 164.
It would be sufficient to refer to these opinions, as settling our jurisprudence on this subject; but as a different view of it was taken in the case of Stringer vs. Duncan & als. 7 Mart. 359, we have examined the question de novo, and we are all satisfied, that the construction given to the act in the cases just cited, is the correct one; and that it is our duty to affirm the judgment of the inferior court with damages.
The act of the legislature organising this court, provided that suits in the district courts, where the matter in dispute exceeded $300, might be re-examined, reversed, or affirmed, here; but that there should be no reversal, for any error in fact, unless on a special verdict, statement of facts, &c.
By this law, a statement of facts is necessary, to authorize us to reverse a judgment. It is silent as to what will justify an affirmance of it; expressio unius, est exclusio alterius, and it seems a matter of course, that the judgment should be confirmed, when we are not au *295 thorized to reverse. Where the appellant alleges error, but proves none.
Johnson for the plaintiff, Baldwin for the defedant.
For these reasons, and those expressed in the case of Shannon vs. Barnwell and others, 4 Martin, 35, we are of opinion, that the judgment of the district court be affirmed with costs, and ten per centum on the amount of said judgment, for delay.