## McKeon *vs.* Caherty.

Debt and not assumpsit is the proper form of action for the recovery of money from a stake holder of a bet on a trotting match.

The action may be maintained, altho' the plaintiff in fact acted as the agent of others in making the bet.

Error from the New-York common pleas. The action in the common pleas was *assumpsit*, brought by McKeon against Caherty to recover $200 deposited in the hands of the latter as the *stake holder* of a bet on a trotting match of horses, made up by McKeon and one Lane. The trotting took place; McKeon was the loser; and being dissatisfied with the manner in which the trial of speed had been conducted, he gave notice to Caherty, the stake holder, not to pay over the money to the winner, before he did pay it over. On the trial of the cause, it appeared that other persons besides McKeon had contributed in making up the purse; for this cause, and because the action, if any, should have been *debt* and not *assumpsit*, the defendant moved that the plaintiff be nonsuited. The motion prevailed on the first ground taken by the defendant.

*D. Graham*, for plaintiff in error. The action was properly brought. Had the plaintiff acted wholly as the agent of others, he might have sustained a suit in his own name. (13 Johns. R. 88.)

The contract upon which the money was put into the hands of the defendant being avoided by statute, he holds it

without consideration, and is liable to the parties for monies had and received. A right of action is given by statute against both *winner* and *stake holder*: the form of action against the winner is prescribed, viz. *debt*, but no form of action is given against the stake holden; consequently he is left to his common law remedy, adapting his action to his case. (1 R. L. 223, § 5. id. 153, § 2 and 3. 2 T. R. 531. 1 Bos. & Pul. 3 and 396. 1 Dallas' R. 245.) This form of action has been sustained. (10 Johns. R. 468. 7 Cowen, 496. See, also, 6 Cowen, 297.)

ALBANY,
January, 1830.

McKeon
v.
Caherty.

*J. R. Whiting*, for defendant.

*By the Court*, SAVAGE, Ch. J. In *Yates* v. *Foot*, (12 Johns, R. 1,) it was decided that when money is deposited by an agent in the hands of a *stake holder* upon a bet, the action was properly brought by the principal against the stake holder; and it was also decided in that case that no action lies to recover from the stake holder money deposited upon an illegal wager. This was a decision of the common law question and has no relation to the cases of *gaming* and *horse racing* arising under the statutes on those subjects. The *fifth* section of the act to prevent horse racing makes every contract relating to any bet or any race or gaming of any kind void, and gives to any person who has paid any money upon the issue or event of any race or game the same remedy to recover it back as is provided by the *second* and *third* sections of the act to prevent excessive gaming. The second section of that act gives a remedy to the injured party by action of *debt* against the winner, if brought within three months.

In *Simmons* v. *Borland*, (10 Johns. R. 468,) and *Allen* v. *Ehle*, (7 Cowen, 496,) it was held that under the act to prevent horse racing, the action lies against the stake holder; but the statute remedy should be pursued, which is an action of *debt*. This objection is supposed to be technical; but without the aid of the statute, no action at all would lie. The statute remedy must therefore be pursued in form as well as substance. In *Haywood* v. *Sheldon*, (13 Johns. R. 88,) it was held that an action was well brought by an agent who makes a bet for others. On the supposition, therefore, that the ac-

ALBANY,
January, 1830.

tion was well brought by the plaintiff, and that the stake holder is liable, still, as the plaintiff cannot recover in this form of action, the judgment must be affirmed.