WILLIAM H. STACY *versus* JEREMIAH FOSS, JR.

No action can be maintained to recover back money deposited upon a wager, unless when made recoverable by Statute, both parties being *in pari delicto*.

Where money lost on a wager has not been paid over by the stakeholder, he is liable to the loser for the amount by him deposited, upon demand and notice, as well after as before the happening of the event.

EXCEPTIONS from the District Court.

This was assumpsit, to recover the sum of twenty-five dollars, deposited with the defendant by the plaintiff, as a stakeholder, on a bet on a horse-trot.

The following facts were admitted by the defendant — that a bet was made between the plaintiff and one Rufus Hewitt, and that each deposited twenty-five dollars in his hands, to be given up to the winner, after the trial of speed was over — and that after the trot was over, the plaintiff forbade the stakeholder, the defendant, paying over the money to said Hewitt and demanded of him his twenty-five dollars, alleging that there was fraud and unfairness in the trotting — and that notwithstanding this the defendant, on receiving a bond of indemnity from the said Rufus Hewitt paid the whole fifty dollars over to him.

The plaintiff offered to prove that there was fraud and deception used by said Hewitt and his associates — and that in fact he did not win the money; but REDINGTON J. before

whom the cause was tried, rejected this evidence, and directed a nonsuit. To which ruling and direction the plaintiff filed exceptions.

*E. Fuller*, for the plaintiff. By the civil law, a wager between two persons not interested in the subject matter is not a valid contract. Though the common law of some States may be different it is believed that the law of this State is coincident with the civil law. *Perkins* v. *Eaton*, 3 N. H. R. 152; *Lewis* v. *Littlefield*, 15 Maine R. 233; *Amory* v. *Gilman*, 2 Mass. R. 1; *Hemenway* v. *Eaton*, 13 Mass. R. 108.

*May*, for the defendant. All wagers in this State are unlawful. *Lewis* v. *Littlefield*, 15 Maine R. 233. The statute against gaming gives no action against the stakeholder, but only against the winner. St. 1821, c. 18, § 2. It does not alter the liability of the stakeholder, but leaves that as at common law. By the common law, no action could be maintained by the loser against the winner. The law leaves the parties to such a contract, as it finds them. *Bent* v. *Place*, 6 Cow. 431; *Kent* v. *Knickerbocker*, 5 Johns. 334; *McKeon* v. *Caherty*, 1 Hall, 300; *Same* v. *Same*, 3 Wend. 494; *McCullum* v. *Gourlay*, 8 Johns. 147; *Greenwood* v. *Curtis*, 6 Mass. R. 381. The stakeholder is as much a party to the illegal contract as the parties to the wager. His promise is to pay as the event may turn. Before the event has happened, upon which the money is staked, there is a chance for repentance — but after that the money cannot be recovered back. *Yates* v. *Foote*, 12 Johns. 1.

The opinion of the Court was delivered by

WESTON C. J. — It is conceded, that the bet out of which this controversy grew, is not a valid contract. And it has been decided by this Court, that all wagers in this State are unlawful. *Lewis* v. *Littlefield*, 15 Maine R. 233. The action however is resisted on the ground, that the stakeholder is a party to the unlawful contract, and that both plaintiff and defendant being *in pari delicto*, the law will lend its aid to neither. And a distinction is taken between notice to the stakeholder, repudiating and disaffirming the contract, before and after the hap-

pening of the event, upon which the wager is made to depend.

When the money has been once paid over to the winner, unless where made recoverable by statute, the parties being clearly *in pari delicto*, no action can be maintained to recover it back. *Howson* v. *Hancock*, 8 T. R. 575; *McCullum* v. *Gourlay*, 8 Johns. 147. But where the money has not been paid over by the stakeholder, although it has been lost, by the happening of the event, it has been held, that upon notice and demand, the stakeholder is liable to the loser, for the amount by him deposited. *Cotton* v. *Thurland*, 5 T. R. 405; *Lacaussade* v. *White*, 7 do. 535.

The case of *Yates* v. *Foote*, 12 Johns. 1, has been cited for the defendant, where it was held that after the event has happened, no action will lie by the loser against the stakeholder, upon notice and demand, while the money remains in his hands. And in *McKeon* v. *Caherty*, 3 Wend. 494, the law is stated to have been thus settled, by the case of *Yates* v. *Foot*. That was a decision of the Court for the correction of errors, fifteen to six, against the unanimous opinion of the Supreme Court, delivered by Chief Justice Kent. It was one of five cases, depending upon the same facts and principles, in one of which, *Vischer* v. *Yates*, 11 Johns. 23, the judgment of the Supreme Court is reported. Kent C. J. there reviews the English cases, and he thence deduces, that an action may be maintained against the stakeholder, upon notice and demand, before he pays over the money, as well after as before the happening of the event. To this result, as sound and correct, is added the undivided opinion of the Supreme Court of New York. The rule, that no action lies, where the parties are *in pari delicto*, was interposed. The learned Chief Justice says, " this objection is applied exclusively to the suit against the principal, or winner; and there is no instance in which it has been used as a protection to the intermediate stakeholder, who, though an agent in the transaction, is no party in interest to the illegal contract."

Vol. i.     43

It best comports with public policy, to arrest the illegal proceeding, before it is consummated ; and in our judgment, the opinion of the Supreme Court is better sustained, upon principle and authority, than that of the Court of errors. The nonsuit, ordered by the Court below, is not warranted by the law of the case.

*Exceptions sustained.*