JOHN D. MOORE *v.* RAPHAEL JOHNSTON.

It is of the essence of aleatory contracts that there should be risk on one side or on both, and that all risks appertaining to the contract and not excepted, are assumed by the parties.

APPEAL from the District Court, Parish of St. Landry, *Overton,* J. *Dupré,* for plaintiff.  *Linton,* for defendant and appellant.

ROST, J.  The plaintiff and *Solomon Johnson* entered into a written agreement to run a horse race for two hundred dollars a side, and to forfeit one hundred dollars in case either should conclude not to run his horse at the time appointed.

On the day agreed upon, the horses were brought up, the stakes deposited into the hands of the defendant, and upon the word being given, the horse of the plaintiff started fairly, and ran the distance stated in the agreement, but the defendant's horse reared up, threw himself across the track, and could not be forced through the starting posts.  Under these circumstances the judges of the race were unable to decide it, and this action has been instituted to recover the amount deposited with the defendant.  *Solomon Johnson* has not been made a party, but he is the surety on the appeal bond, and the defence is evidently carried on for his benefit.  The case was tried before a jury, who found in favor of the plaintiff, and the defendant has appealed from the judgment rendered on the verdict.

MOORE<br>v.<br>JOHNSTON

This case does not differ in principle from that of *Henderson* v. *Stone*, 1st N. S. 639, in which it was held, that it is of the essence of aleatory contracts that there should be risk on one side, or on both, and that all risks appertaining to the contract, and not excepted, were assumed by the parties.

The only limitation of risks, contained in the agreement, was the right which either party had to withdraw his horse by paying the forfeit of one hundred dollars; but as the defendant did not avail himself of that right in time, it cannot now be invoked to diminish his liability.

If the conract can be considered as ambiguous, the ambiguity must be determined according to the usage of the country where it was made; and if it is not, the omission to provide for the contingency which has occurred, may be supplied by the same usage. Much evidence in relation to it has been adduced, and upon that evidence, which is conflicting, the jury had come to the conclusion that, according to the usage of the country, the plaintiff had won the race. They know the witnesses, and are, no doubt, more familiar with the usages of the turf than the members of this Court pretend to be. We feel bound, therefore, to take the facts as they have found them, and to affirm the judgment.

The judgment is affirmed, with costs.