Lewis, J.
It does not appear by the complaint what the wager was, where it was made, where the money was deposited with defendant, or whether the •demand was made before the money was paid over by the stakeholder to the winner.
All wagers are not illegal at common law (1 Whart. on Contr. § 449). If illegal, it is, because they are made *229 so by statute. Wagers are made illegal by the statute of this State, and money deposited may be recovered of the stakeholder even after he has paid it to the winner. Aleatory contracts are not prohibited by the statutes of the State of Louisiana (Grayson v. Whatly, 15 La. Ann. 525).
Courts cannot take judicial notice of laws of other States not according to the common law (Holmes v. Broughton, 10 Wend. 75; Harris v. White, 81 N. Y. 532, 534).
As the plaintiff has no remedy at the common law to recover back money deposited upon wager, he must recover, if at all, by force of a statute, and must by his complaint bring himself within its provisions (Langworthy v. Broomley, 29 How. Pr. 92; Cole v. Smith, 4 Johns. 193; McKeon v. Caherty, 3 Wend. 494).
The place being material, and the pleading being silent in regard thereto, the presumptions are against the pleader (Cruger v. Hudson River R. R. Co., 12 N. Y. 190, 201).
If the deposit, was made without the political jurisdiction of the State of New York, there is nothing in. the complaint showing that there is any law of the. State, territory or country where the deposit was. made, giving a cause of action to plaintiff.
The demurrer should be sustained, with costs fo.fbs; defendant against the plaintiff.