## BAIN v. GRILLOT

---

(March 28, 1927. Opinion and Decree.)
(April 25, 1927. Rehearing Refused.)
(July 12, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

---

. (*Syllabus by the Court*)

1. **Louisiana Digest——Obligations—Par. 50, 51.**

Betting on a horse race is not prohibited by law and money lost in such a bet may be recovered in the courts.

Appeal from Civil District Court, Division "E". Hon. Wm. H. Byrnes, Judge.

Action by Frank C. Bain against Jules Grillot.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. A. Casey, of New Orleans, attorney for plaintiff, appellee.

M. F. Hertz, of New Orleans, attorney for defendant, appellant.

## OPINION

CLAIBORNE, J. This is a suit for $800 based upon several bets made upon horse racing immediately before the running of the horses and within the enclosure of the Fair Grounds Race Track, a licensed race course.

The defense is that betting upon horse racing is in violation of law and therefore illegal.

There was judgment against defendant and he has appealed.

The defendant relies upon C. C. 1893-1895 and Act 57 of 1908 and State vs. Gardner, 151 La. 874, 92 South. 368. None of these support his position.

Article 2983 (2952) of the Civil Code reads as follows:

"The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing; as to such games, the judge may reject the demand, when the sum appears to him excessive."

A bet on a horse race has been recognized as a lawful obligation in this state for more than a century. Vernot vs. Yocum, 3 Mart. (O. S.) 406; Henderson vs. Stone, 1 Mart. (N. S.) 639; Moore vs. Johnston, 8 La. Ann. 488; Grayson vs. Whatley, 15 La. Ann. 525; St. Ceran vs. Sherman, 18 La. Ann. 520; St. Ceran vs. Sherman, 19 La. Ann. 192; City of Shreveport vs. Maloney, 107 La. 193, 196, 31 South. 702; Greco vs. Oddo, Orl. App. No. —; Russo vs. Russo, Orl. App. No. 10672; Vitito vs. Shea, 16 La. 987.

In the case of Grayson vs. Whatley, 15 A. 525, the court said:

"A contract to run a horse is not prohibited by law and money lost in such a race may be recovered by action in the courts."

In City of Shreveport vs. Maloney, 107 La. 193, 31 South. 702, the court said:

"Laws heretofore passed against gambling do not include betting on horse races in any form. Betting on horse racing, in view of the bettors, within their means, is not unlawful, but, on the contrary, has the law's special sanction."

The following is Article 188 of the Constitution:

"Gambling is a vice, and the legislature shall pass laws to suppress it." * * *

It cannot be held to come within the terms of the article cited above for the very plain reason that the article is not operative "proprio vigore". The legislature has not deemed proper to carry out its mandate. Until it takes action the article cited must remain without effect.

Act 57 of 1908, p. 64, prohibits the "operation of a betting book or a French Mutual pooling device;" and Act 127 of 1920, p. 185, repeats the prohibition, "provided, however, that the provisions of this act shall not apply to betting or wagering within the track or other en-

closure where the races actually take place". State vs. Austin, 142 La. 384, 76 South. 809; State vs. Gardner, 151 La. 874, 92 South. 368; State vs. McBride, No. 24432 Supreme Court. Repeal by implication is not favored. N. O. Motor Co. vs. Kelt, 3 La. App. 336.