HIGGINS, Justice.
 

 This is a suit by an assignee against the estate of the other party to a joint venture in a real estate 'investment for the termination and liquidation of the matter. The defendants filed exceptions of no right or cause of action on the ground that the con
 
 *419
 
 tract between the original parties was, on its face and by its nature, in the highest degree, personal and nonassignable without the consent of the other party thereto.
 

 The exceptions were sustained, and the plaintiff has appealed.
 

 The petition filed on June 30, 1934, alleges that on October 19, 1912, George A. Hero entered into a joint real estate venture with Henry Beer, Edgar H. Bright, and J. William Barkdull, three of the members of the firm of H. & B. Beer, whereby it was agreed and understood that certain described real estate was to be acquired in the name of the partnership for the account of the three above-named partners, individually; that the necessary money was to be advanced by the partnership, the parties to the joint venture agreeing to reimburse the firm, with interest; that the participation of Hero in the venture was evidenced by a duly confirmed letter, which reads as follows: ,
 

 “New Orleans, La., Oct. 19, 1912.
 

 “Messrs. H. & B. Beer,
 

 “City.
 

 “Gentlemen:
 

 “You have this day purchased from C. Grabert 10 arpents in depth, situated in Plaquemines Parish, for the sum of $8,-600.00, and you have given him a contract to rebuy 10 arpents front by 20 arpents depth, more or less, for the sum of $8,600.-00, on time upon the following terms:
 

 ■ “$1,000.00, payable 1st year
 

 “$1,000.00, payable 2nd year
 

 “$6,500.00, payable 3rd year
 

 all bearing
 
 7%
 
 annual interest from date.
 

 “It is fully understood that I am interested and am to receive one-half of the profits or to share one-half of the losses made, allowing 6% interest on the investment, when this matter is liquidated.
 

 “Kindly confirm above, and oblige,
 

 “Yours truly, [Sgd.] Geo. A. Hero.”
 

 That the property was acquired, and all costs and expenses in connection therewith, as well as expenses in connection with the maintenance and ownership thereof, were paid by the partnership; that up until December 31, 1929, Hero paid one-half of all expenses and received one-half of the revenues; that on January 23, 1922, when it appeared that there might be a loss as á result of the venture, Hero was called upon to deposit, as a margin, one-half of the estimated loss, or $5,000, and that he complied with the demand; that three parties to the venture, i. e., Beer, Bright, and Barkdull, died, and the firm of H. & B. Beer or its successors became unwilling to further carry the advances made on account of the joint venture and required the estates of these men to pay the partnership the full amount due, with interest, less the $5,000 deposited by Mr. Hero; that the original owner, C. Grabert, never repurchased any of the property, pursuant to the contract with him and as referred to in Mr. Hero’s letter; that plaintiff, a corporation organized and existing under the laws of the state of Louisiana, with its, domicile in the city of New Orleans, acquired from the respective estates of Beer, Bright, and Barkdull all of their interest in the real estate and the joint venture by authentic acts of sale dated August 1, 1932,
 
 *421
 
 August 11, 1932, and September 2, 1932, respectively, all of which were promptly and duly recorded; that as a result of the said acquisition, plaintiff has become the successor of the said Beer, Bright, and Barkdull in connection with said joint venture ; that neither the plaintiff nor its predecessor or the defendants or George Hero have paid or received anything from the venture since December 31, 1929, except the sum of $100 paid by George Hero to the partnership on January 11, 1930; that accounts have been furnishéd to Mr. Hero from time to time, and that exclusive of the $5,000 and $100 payments to the partnership of H. & B. Beer by Mr. Hero, the total investment in the joint venture is the sum of $46,294.12; that plaintiff desires and is entitled to a termination of the venture and its liquidation; and that George Hero died December 19, 193£, and the two duly qualified testamentary executors should be made defendants herein.
 

 The petition does not contain any allegation that Mr. Hero was ever notified of the alleged assignment by the estates of the three deceased parties to the plaintiff, and that Mr. Hero or the executors of his estate ever expressly or impliedly consented to the alleged assignment and transfer.
 

 A cursory examination of Mr. Hero’s letter, which represents the agreement between the original parties, shows definitely that it was strictly a personal agreement based upon mutual confidence and trust of the respective parties. Mr. Hero, although entitled to one-half of the profits and liable for one-half of the losses, intrusted the complete ownership, control, and power of alienation of the property to the other parties to the agreement. There is no stipulation in the letter placing any time limit on the venture, or fixing a minimum price for which the property could be sold, or outlining the manner in which the venture should be liquidated,' all of which conclusively shows the extremely personal nature and quality of the contract.
 

 Article 2007 of the Revised Civil Code provides that contracts of a partnership and mandate, as well as contracts for personal service, cannot be assigned. Certainly, the letter of Mr. Hero is a mandate to the other parties to the joint venture to sell the property and liquidate the investment for his account when they deemed it expedient.
 

 In the case of Taylor v. Penny, 5 La. Ann. 7, there was an agreement between the parties to purchase (in the proportions of one-fourth and’ three-fourths interest, respectively) a stranded vessel. The party who owned the one-fourth interest sold it to the plaintiff and he brought suit against the defendant, the other co-owner. The defense was that the contract was nontransferable. The court said:
 

 “The agreement of the defendant was, evidently, personal, and did not create an interest which could be transferred.”
 

 In the case of Grayson v. Whatley, Administrator, 15 La. Ann. 525, the parties to the agreement made a wager of $500 on the result of a horse race to be run in the future and each executed his promissory note in favor of the other for $500 as a forfeiture, in case either failed to fulfill
 
 *423
 
 his part of the agreement. These notes were placed in the hands of a stakeholder. One of the parties to the agreement sold his interest in the matter to the plaintiff for $50, and, after the race was run, the stakeholder delivered the note to the plaintiff, who claimed it, as assignee thereof. The trial judge gave judgment in favor of the plaintiff for $50. On appeal, the judgment was reversed; the court stating:
 

 “The defendant contends in his pleadings, that the plaintiff has no right of action, for the reason, that the obligation arising out of the contract to run the horse race
 
 was strictly personal in its nature,
 
 and does not bind the heirs or legal representatives of the obligor, for its performance. This position is not, perhaps, sustainable on legal principles, so far as it denies the obligation of such a contract, to be heritable as between the heirs of the contracting parties. But it is the opinion of the court, that the obligation to run a horse race,
 
 is a personal obligation,
 
 in a sense different from the technical signification of the term, that is
 
 to say, that the obligation
 
 to run a horse race is
 
 so far personal
 
 to the contracting parties, that
 
 it cannot be transferred or assigned to a third person, by one of them, without the consent of the other.
 

 “In all
 
 aleatory contracts, permitted by our law, under Article 2952 of the Civil Code, the personal qualities of the contracting parties must, more or less, form á material part of the motive to the contract, and for this reason, the contract is not assignable by one of the parties, without the consent of the other.”
 

 We conclude that the contract was personal and nonassignable without the consent, or acquiescence, or ratification of Mr. Hero or the representatives, of his estate. 8 C. J.
 
 877,
 
 881. See, also, In re Niagara Radiator Co. (D. C.) 164 F. 102; Arkansas Valley Smelting Co. v. Belden Min. Co., 127 U. S. 379, 8 S. Ct. 1308, 32 L. Ed. 246; Board of Com’rs Delaware County v. Diebold Safe & Lock Co., 133 U. S. 473, 10 S. Ct. 399, 33 L. Ed. 674; Burck v. Taylor, 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578.
 

 There, are other grounds urged in support of the exceptions, but the above conclusion makes it unnecessary to consider them.
 

 Counsel for plaintiff concede that they have been unable to find any authority to justify their position, except article 21 of the Revised Civil Code: and article 130 of the Code of Practice, which deal only with the court’s equity powers in the absence of law on the subject.
 

 For the reasons assigned, the judgment appealed from is affirmed.