MOSES DODGE vs. HENRY STILES.

An agreement to pay a witness more than the fees prescribed by law for his attendance at court, will not in an ordinary case be sustained.

Such an agreement may be valid, where the witness assumes a duty that the law would not impose upon him,—as where he agrees to remain at home at special inconvenience, that he may be found at the sitting of the court, or where he agrees to attend in person when his deposition might have been taken.

The same rule applies to all cases where the law imposes a special duty and prescribes a particular compensation for its performance.

BOOK-DEBT. The case was referred to an auditor, who found the defendant indebted to the plaintiff in the sum of $101.11. On the trial before the auditor the plaintiff presented a claim of $38, for attendance at court as a witness for the defendant upon a certain trial. As to this claim the facts were as follows : The plaintiff was duly summoned as a witness for the defendant and received his legal fees for travel and attendance at court. Before he was summoned the defendant agreed with him to pay him as much per day for attending court as he could earn at his trade, in addition to his legal fees. The plaintiff agreed to attend, and did attend court 19 days. He could have earned at his trade two dollars per day. The defendants objected to this claim, but the auditor allowed it. A remonstrance to the report was filed

on this ground, and the question was reserved for the advice of this court, whether that item should be allowed.

*Sanford*, for the plaintiff.

1. The statute establishes a rule for the taxation of costs merely, in favor of the prevailing party. Rev. Stat., tit. 46, § 13. There is nothing to forbid a contract like the one under consideration.

2. In England, the necessary expenses are always allowed to a witness, even without a special contract. *Hallett* v. *Mears*, 13 East, 15. *Bowles* v. *Johnson*, 1 W. Bla., 36. *Fuller* v. *Prentiss*, 1 H. Bla., 49. *Chapman* v. *Pointon*, 2 Strange, 1150. A professional witness is there allowed a compensation for the loss of his time. *Webb* v. *Page*, 1 Car. & Kir., 23. See also *Hurd* v. *Swan*, 4 Denio, 75. The compensation provided by the statute is wholly inadequate, and it is reasonable that a witness should receive a fair compensation for his loss of time, where the party is willing to agree to pay it.

3. This is a good contract at common law. 1 Sw. Dig. 173. 1st. The consideration is good, promise for promise. Smith on Con., 88. Stiles agrees to pay, Dodge to attend. Dodge might have been ready to leave the state for distant or unknown parts, or Stiles unable to obtain process or procure service to be made in season. 2d. The contract is not against public policy or morality. 3d. Service of the *subpœna* made after the contract was completed can not affect it. The defendant can not by his own act release himself from his engagement.

*Cothren*, for the defendant.

1. An action at law can not be maintained upon an express or implied contract to pay a witness more than his legal fees for travel and attendance at court. It is made the duty of a witness by statute to appear and testify in a cause pending before any court, on a tender of his fees for travel and one day's attendance, under a penalty of five dollars and a liability to pay all damage to the party aggrieved. Rev.

Stat., tit. 1, § 113. His attendance may also be compelled by capias. His fees are fixed by the statute which is imperative. Rev. Stat., tit. 46, § 13.

2. A contract to pay a witness for loss of time in attending court, in addition to his statutory fees, is without consideration and void; the witness being obliged by law to do the thing contracted for, the promise is merely gratuitous. Chitty on Con., 52, 587. 1 Sw. Dig., 190, 747. 2 Steph. Nisi Prius, 1716. *Wetherspoon* v. *Killough*, Mart. & Yerg., 38. *Fuller* v. *Mather*, 14 Johns., 357. *Watts* v. *Van Ness*, 1 Hill, 76. *Sweaney* v. *Hunter*, 1 Murph., 181.

3. Such contracts will not be sustained, as being against sound public policy. Attending court as a witness is one of the burdens of civil society. These contracts would encourage perjury. Witnesses could be bought by the highest bidder. The extra payment could be made a cover for bribery. The law by the smallness of the compensation of witnesses intended that they should be unbiased.

4. A sheriff can not charge more than his statutory fees, which are established by the same statute as those of witnesses. Rev. Stat., tit. 46, § 16. Nor can a judge of probate. *State* v. *Chase*, 5 Har. & Johns., 297. The same reasons apply to the case of a witness.

ELLSWORTH, J. The statute regulating salaries and fees, provides that the fee of a witness shall be thirty-four cents a day for attendance, and five cents a mile for travel. This is all the remuneration he is entitled to for this service; and any attempt directly or indirectly to secure more, is against the language and policy of the law. If more is paid, it cannot be recovered back; but no greater payment can be exacted or enforced. The same rule prevails in civil and criminal trials, and is of no inconsiderable importance.

What is true of a witness is true of every officer of the government whose duties and compensation are fixed by statute; whether the executive, the judges, sheriffs, commissioners or others. Their compensation is specific, for certain official services, and in no way, covertly or openly, can more

be recovered by process of law. Were it otherwise, and witnesses might be allowed to make terms for testifying, there would be room for oppressive conduct, and for corruption. Witnesses, knowing that their testimony was indispensable, would, under one pretence or another, make terms for their testimony, and such as might be induced to represent their testimony as important, would be tempted to barter their oaths at the expense of truth and justice. Now, a promise to pay more than the statute fees for just this statute service, without further service or loss by the witness, may be said to be without consideration. It can not be important in our view, whether the promise be made after the service of the subpœna, co-temporaneously with it, or before, provided the promise refers to this duty and is founded on no other consideration. There may be a further consideration, in which case an executory promise for extra compensation will be upheld; as if the witness was about going abroad at the time he may be wanted to attend court, and agrees that he will remain and give up his journey and is summoned; or living at a distance from the place of the court, more than twenty miles, so that his deposition could be taken, agrees that he will attend in person. In these and the like cases the promise is one for indemnity, and is founded on a new and meritorious consideration, and is good. But the present case is not of that character; at least it is not shown to be, as should have been done, if it is claimed to be so. On the other hand, we are satisfied from a fair construction of the motion that there was no new and further consideration for the promise for extra compensation. It is the usual case of a witness liable to be summoned and compelled to appear and testify, making terms to suit himself. Whatever an honest or honorable man will or ought to do in such cases, the law will not interpose, having for itself fixed the entire legal fees for the performance of the entire legal duty.

If a witness agrees with a party, that he will attend and testify without being summoned, and he is not summoned and so not brought under the order or censure of the court, we suppose any reasonable promise for compensation is good

Dodge *v.* Stiles.

and may be enforced; for the proceeding or service is not under nor in pursuance of the statute.

It is said that the statute fees for witnesses are inadequate and insignificant, and that the party ought to be allowed to pay his witnesses what he pleases. So he may, and more than he has agreed to pay, if it is his choice; but this does not reach an executory contract, where the witness is summoned, and paid his legal fees, and where there is no extra service rendered as in the present case.

There is a reason why witnesses' fees should be fixed by law, and at a moderate sum, lest poor suitors should be unable to seek redress, and witnesses be tempted to lean toward wealth and power. The present rate may be too low; we think it is; but much may be said in favor of a cheap and equal administration of the law. Many years since, when I happened to be a member of the state senate, a bill was introduced to allow witnesses one dollar a day, but it met with little favor, and after considerable debate was laid on the table and ultimately lost. The present inadequate allowance is, in practice, much less objectionable than would be supposed at first thought, for parties generally find it for their interest to take good care of their witnesses. In England the party is obliged to provide for them during the trial, and the amount goes into the bill of costs. There, too, professional witnesses who are called to testify as experts, are entitled to an extra remuneration. Whether the rules of the English courts are better than ours, or whether ours need alteration, are not questions properly addressed to this tribunal.

We advise that the plaintiff's charge of $38 for attendance as a witness be disallowed, and judgment rendered for the plaintiff for the balance.

In this opinion the other judges concurred.