VALENTINE ST. CERAN v. J. A. SHERMAN et als.

The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of gun, foot, horse and chariot racing. And as to such games, the Judge may reject the demand, when the sum appears to him excessive.

*Held:*—That the Court a quo can not, ex officio, declare a bet on a horse race excessive on its face, without any proof indicating the pecuniary standing of the parties to the bet.

A PPEAL from the Fifth District Court of New Orleans, *Leaumont*, J. *Geo. L. Bright*, for appellants. *Durant & Hornor*, for appellee.

JONES, J.   Valentine St. Ceran being a judgment creditor of J. A. Sherman for upwards of two thousand dollars, caused an execution to be issued, upon which he based a garnishment against a third person, named L. Bernard, under the Act of 1839.   The garnishee, in his answers to interrogatories, negatived them all, except the first, to which he answered no, except such rights as might result from a certain agreement in writing, made between W. R. Rogers and J. A. Sherman, a correct copy of which is hereto annexed and made part of these answers.

In compliance with said agreement, W. R. Rogers deposited with me $2,000 in currency; J. A. Sherman deposited with me eight half Spanish doubloons, representing $100, and sixty pieces of five-dollar Spanish gold coin, representing $600, and in currency $500, making $1,200 in all.   The document referred to, is as follows, to wit :

"Condition of a match race between W. R. Rogers and J. A. Sherman, to be run on the 15th day of June.   Rogers is to run Reuby Rynders against any horse that I name, on the 20th of this month.   He bets $5,000 against $2,000, one-fifth to be put up to-night, one-fifth on the 20th ; the horse to be named and the balance put up on the day of the race ; the race to be mile heats, and the horse that I name to carry the weight of a six-year-old horse, or upwards, if he is older ; the race otherwise to *be to rule*.                            ROGERS & SHERMAN."

By consent of parties, the two first instalments on the above, say $2,000 on Sherman's part, and $2,000 on the part of Rogers, were put up as forfeit ; the race to be run on the Fair Ground Course, the money to be deposited in the hands of L. Bernard.   Rogers and Sherman.

"In compliance with this agreement, I name Forget-me-not as the horse for the above named race.                 J. A. SHERMAN."

Upon these anwers of the garnishee, the plaintiff took a rule against him to show cause why judgment should not be rendered against him thereon.   The garnishee denied the right of plaintiff to have judgment against him on these answers; and, moreover, pleaded that the money in his hands belonged to Rogers, and not to Sherman, and asked that Rogers be made a party hereto.

St. Ceran v. Sherman et al.

Rogers, being notified, intervened, and claimed the money in the hands of the garnishee as belonging to him, having been won by him on the bet set forth in garnishee's answer from said Sherman.

To this intervention plaintiff and Sherman were made parties defendant. St. Ceran pleaded that the bet on the said horse race was immoral, illegal and excessive, and in fraud of the creditors of Sherman.

Sherman pleaded that said bet was made by him improvidently; that he was insolvent, and prayed that the bet be annulled, and that the money deposited thereon by him as a forfeit be decreed to the benefit of his creditors. Upon the trial of the cause, full proof was adduced to show that the bet was made and won on the horse race, as alleged by garnishee in his answers, and as maintained by Rogers in his petition of intervention.

No proof was given under these issues, by either party, to show the pecuniary circumstanses of Sherman, at the time he made said bet. Nevertheless, the Court below felt it to be its duty, under Article 2952 C. C., to reject the claim of the intervenor and give judgment in favor of the attaching creditor and against the garnishee. As betting on a horse race is permitted by the Article above referred to, the presumption is that a bet on the same is valid, until the contrary be shown. The lower Court conceived that it had a right, ex officio, to declare a bet excessive on its face without any proof indicating the pecuniary standing of the parties to the bet. In this view of the case we cannot concur.

We think that the intervenor has made out a full claim to the money in the hands of the garnishee, and judgment must be rendered accordingly.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the rule of St. Ceran be dismissed, and that there be judgment in favor of R. N. Rogers, on hi· petition of intervention, against L. Bernard, for the sum of twelve hundred dollars, deposited in his hands by J. A Sherman, St. Ceran paying costs of this proceeding in both Courts.