# George B. Walker
## v.
## James F. Cook.

*Witnesses—Fees—Experts—Fees in Excess of  Legal Amount—Recovery of—Promise to Pay—Obligation to  Testify—Subpœna.*

1.   The usual or reasonable value of professional services is a question of fact, and not of science, calling for a professional opinion.

2.   Where a duty is imposed by law and the compensation for its performance fixed by law, no greater compensation can be exacted or enforced.

3.   A witness having attended court in obedience to a subpœna, is not entitled to recover upon an agreement for compensation for such attendance, exceeding in amount the legal fees.

[Opinion filed October 28, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. Joseph W. Callahan, for appellant.

Every court having power to definitely hear and determine any suit, has, by the common law, inherent power to call for all adequate proofs of the facts in controversy, and to that end, to summon and compel the attendance of witnesses before it.   1 Greenleaf on Evidence, Sec. 309.

An undertaking to do that which one is under legal obligation to do will not furnish a consideration to support a promise.   Ayres v. Chicago, etc., Railroad, 52 Iowa, 477; Tilden v. New York, 56 Barb. 340; Elbin v. Miller, 78 Ky. 371; Morrick v. Giddings, 1 Mackey, 394; Keffer v. Grayson, 76 Virginia, 517;   Sherwin v. Bingham, 39 Ohio State, 137.

Fees or costs can not be allowed or recovered unless they are fixed and given by statute.   Smith v. McLaughlin et al., 77 Ill. 596; see 1 Greenleaf on Evidence, Sec. 310; Starr & C. Ill. Stat., Chap. 53, Sec. 47; Chase v. De Wolf, 69 Ill. 48; Camp v. Morgan, 21 Ill. 255.

If the statute has fixed the fees to be charged for a particular service, the party rendering the services will be confined to the statutory fee, and can not recover on a *quantum meruit*. Smith v. McLaughlin, 77 Ill. 596.

A physician, like any other person, may be called to testify as an expert in a judicial investigation, whether it be of a civil or criminal nature, without being paid for his testimony as for a professional opinion.   Ex parte Dement, 53 Ala. 389; Summers v. The State, 5 Texas Ct. of App. 365; See Wright v. The People, 112 Ill. 540.

What ordinary professional services are reasonably worth is a question of fact.   Pfeil v. Kemper, 3 Wisconsin, 315; Stanton et al. v. Embrey, Adm'r, 93 U. S. 548; Rosenthal v. Boas, 27 Ill. App. 430; Linn v. Sigsbee, 67 Ill. 75; City of Chicago v. McGiven, 78 Ill. 347; Pennsylvania Co. v. Congdon, 101 Ill. 93.

A witness is bound, as a matter of public duty, to testify as to facts within his knowledge.   Webb v. Page, 1 Car. & Kir. 23.

That compensation of witnesses for loss of time is not allowed, see 1 Greenleaf on Evidence, Sec. 310, n. 2, and authorities there cited.

Messrs. E. J. HILL & SON, for appellee.

MORAN, J.   Appellee brought this action in a justice court to recover compensation for attendance as a witness in a suit in which appellant was the plaintiff.

There was judgment against appellant in the justice court, and he appealed the case to the Circuit Court, where it was submitted to the court for trial without a jury, and a fin ling and judgment rendered against appellant for $50 and costs.

Appellee's evidence showed that he was subpœnaed as a witness and attended court for eleven days, while the case was on call, reporting to appellant's attorney and remaining each day till the notice, "No further call," was posted.   That before the subpœna was served appellant told him that he wanted him as a witness, and appellee said he had other busi-

ness to attend to, whereupon appellant told him he would pay him just as well as if he was to attend to his patients.

The question raised is not whether an expert can recover *extra* compensation, when it is promised to him for attending and testifying to some matter pertaining to his particular branch of science. The question on which appellee was to testify, was as to the reasonable value of professional services rendered.

The usual or reasonable value of professional services is a question of fact, and not a question of science, calling for a professional opinion.

True, physicians may be better acquainted than others with the customary or usual charges made by the profession, but so dry goods merchants will know best as to the value of cotton cloth. Neither the value of the services nor the value of the cloth can be proved by what is known as expert testimony. Linn v. Sigsbee, 67 Ill. 75.

The question is, whether a witness who attends upon a subpœna to testify to a fact or facts within his knowledge, can recover from the person in whose behalf he is subpœnaed, on a promise to pay him more than the regular fee allowed by statute for attendance as a witness.

Every person is under a legal obligation to attend in obedience to a subpœna and testify to such facts material to the case in hand as may be within his knowledge. The statute has fixed the compensation for such attendance, and it is a rule general in its application, that where a duty is imposed by law, and the compensation for its performance fixed by law, that no greater compensation can be exacted or enforced. Bishop on Contracts, Sec. 47; Joliet v. Twohey, 1 Ill. App. 483; Decatur v. Vermillion, 77 Ill. 315.

This rule was applied to the claim of a witness at an early day in England in the case of Collins v. Godefroy, 1 B. & Ad. 950, where it was said: "If it be a duty imposed by law upon a party regularly subpœnaed to attend from time to time to give his evidence, then a promise to give any remuneration for lost time incurred in such attendance is a promise without consideration." In Smith v. McLaughlin, 77 Ill. 596,

certain physicians who had been subpœnaed by the coroner to make a post mortem examination, presented a claim for their services against the estate of the deceased. The court in the opinion, after stating that the statute made no provision for the payment of witnesses who are summoned to attend a coroner's inquest, says that if fees had been fixed for them, the sum thus fixed would have to control. "A witness or officer of the law," said the court, "has no legal right to recover on a *quantum meruit* for services rendered under the requirements of the law. For such services he is limited to the fee or compensation fixed by statute."

There was in that case no promise by any person to pay the witnesses for attendance, so the exact question presented by this record was not before the court.

We are not, however, without respectable authority directly in point. In Dodge v. Stiles, 26 Conn. 463, the plaintiff was subpœnaed as a witness for the defendant and received his legal fees. Before he was summoned defendant agreed with him to pay him as much per day for attending court as he could earn at his trade in addition to his legal fees. Suit was brought to recover upon said agreement, but the court held that to enforce the contract would be against the policy of the law. In the opinion it is said : "Were it otherwise, and witnesses might be allowed to make terms for testifying, there would, be room for oppressive conduct, and for corruption. Witnesses knowing that their testimony was indispensable would, under one pretense or another, make terms for their testimony, and such as might be induced to represent their testimony as important would be tempted to barter their oaths at the expense of truth and justice. Now, a promise to pay more than the statute fees for just this stated service, without further service or loss by the witness, may be said to be without consideration. It can not be important, in our view, whether the promise be made after the service of subpœna, contemporaneously with it, or before, provided the promise refers to this duty, and is founded on no other consideration."

Appellee having been subpœnaed and having attended court in obedience to said subpœna, is not entitled to recover

on the agreement he sets up. If no subpœna had been served upon him, and he had attended as a witness under an agreement for compensation made with appellant and not in pursuance of the process of the court, a different question would be presented.

The judgment of the Circuit Court must be reversed and the case remanded.