ARTHUR B. COWLES, Appellant, *v.* THE ROCHESTER FOLDING
Box COMPANY, Respondent.

1. SPECIFIC PERFORMANCE — WHEN AGREEMENT UNENFORCEABLE BY
PARTY UNABLE TO PERFORM.   In an action to enforce the specific per-
formance of an agreement by the defendant to reassign to the plaintiff a
quarter interest in all patent rights " which he may have assigned to it "
it appeared that the consideration for the agreement was the assignment
by the plaintiff of specified patents and any further inventions he might
make while in defendant's employment; that at the time of the execution
of the agreement the patent rights or interests agreed to be transferred
did not belong to the plaintiff, but the legal title thereto was vested in
other parties to whom he had assigned them in violation of a prior agree-
ment made by him with the defendant by which he had conveyed them
to the latter; that after the agreement in suit, the defendant brought an
action to set aside such assignments which resulted in a judgment declar-
ing them to be void and the equitable title to the patents to be in the
defendant; that an appeal was taken from the judgment and is still pend-
ing.   *Held,* that there was no legal consideration for the agreement sought
to be enforced, and that the action would not lie.   Nor does the fact that
the defendant understood that the plaintiff was not the owner of the
patents when he executed the agreement affect the disposition of the case.
Whatever may have been its motive in executing the agreement, whether
to divest the plaintiff of any adverse interest and thus remove any obstacle
to the successful prosecution of the action to set aside the assignments to
other parties or for some other purpose, the agreement cannot be enforced.
2. SAME — WHEN ACTION IS PREMATURELY BROUGHT.   Assuming,
however, that the plaintiff had a cause of action under the agreement,
until the disposition of the appeal and the final establishment of the
defendant's title to the patents and inventions in question, it was in no
position to perform, and, therefore, the action was prematurely brought.
*Cowles* v. *Rochester Folding Box Co.*, 81 App. Div. 414, affirmed.

(Argued May 20, 1904; decided June 17, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 10, 1903, reversing a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term
and granting a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Abraham Benedict* for appellant.   The only admissible construction of the contract is, that the defendant undertook to reassign to the plaintiff a one-quarter interest in the six inventions described in the contract, without reference to the question whether a legal title was conveyed by the plaintiff's quitclaim assignment of ·September 5, 1898, or whether that legal title was gained by the suit then contemplated and afterwards brought and successfully maintained, or whether the title rested upon the promoters' agreement.   (*A. S. Co.* v. *Pauly*, 170 U. S. 133; *The Queen of the Pacific*, 180 U. S. 49.)   The judgment in the suit brought by the defendant to establish its equitable rights under the promoters' agreement is no bar to this suit.   (1 Freem. on Judg. [4th ed.], §§ 284a–293; *Hofferberth* v. *Myers*, 71 App. Div. 377.)

*Elbridge L. Adams* for respondent.   The action is for specific performance of a written contract, and not for a reformation thereof,· on the ground of fraud or mutual mistake.   (*Dady* v. *O'Rourke*, 173 N. Y. 447.)   The judgment in the suit brought by the defendant against plaintiff and others to establish its rights to the plaintiff's inventions under the original agreement of 1895 is a bar.   (*Bracken* v. *A. T. Co.*, 36 App. Div. 67; *Marsh* v. *Pier*, 4 Rawle, 288.)

Gray, J.   The plaintiff seeks to compel the defendant specifically to perform an agreement to reassign to him a one-quarter interest in certain inventions and patents, under a contract made between them in 1898.   By this contract the plaintiff agreed to assign to defendant his interests in patents, therein specified, and, also, in what further inventions he might make while in its employment.   The defendant agreed, in·consideration thereof, to employ him as inventor and foreman in its factory for one year and thereafter, at the mutual pleasure of the parties, at a stated weekly compensation. Upon the termination of the contract, the defendant was to reassign to the plaintiff a one-quarter interest in all patents, "which he may have assigned to it," or which it might

acquire upon his application, and to pay his proportion of the expenses incurred for patent attorney's fees, etc.

At the Special Term, the plaintiff recovered a judgment for the relief demanded; but, upon defendant's appeal, the Appellate Division unanimously reversed the judgment and ordered a new trial of the action. From the determination of that court, the plaintiff has, further, appealed to this court. The order of the Appellate Division is silent as to the grounds for the reversal and, therefore, it must be assumed to have been upon questions of law, purely. The decision at the Special Term was formulated in findings of fact and in conclusions of law and, in our consideration of this appeal, we must deem the legal error, upon which the reversal of the judgment was predicated, to have been, either, in the incorrectness of the legal conclusions from the facts as found; or in the lack of any evidence in the record to support some material finding of fact; or in some erroneous ruling upon the trial, in the admission or rejection of evidence.

According to the findings of fact, plaintiff, with two others, had organized the defendant corporation, a few years before the making of the contract sued upon, and had transferred to it a patent issued to him for an improvement in paper box machines; also, at the time, agreeing to transfer all future inventions and patents relating to the folding box, lithographic and printing business. Three years later, plaintiff left the defendant and with Browne, one of his associates, organized two hostile companies in New York city, to which he made a transfer of all of those patent interests, except as to a tube machine, which, by the terms of his original agreement, were to be the defendant's properties. While actually in the defendant's employment, plaintiff had, also, assigned a part interest in some, or all, of his inventions, to Browne. Plaintiff and Browne soon separated; whereupon plaintiff sought re-employment by defendant and the contract in question was entered into. Upon its execution, plaintiff executed an instrument, which assigned and quitclaimed to defendant all of his interest in patents mentioned. Believing that an

assignment by plaintiff of the domestic patents to one of the companies, theretofore organized by him in hostility to the defendant, had not been recorded, the defendant subsequently caused his assignment, or quitclaim, to it to be forwarded for record and it was then discovered that, in fact, the other assignment had been, already, registered in the patent office. An action was, then, instituted by this defendant, upon the basis of the original agreement of 1895, under which the defendant had been organized, to obtain a judgment that it was the equitable owner of plaintiff's inventions and patent rights and that his assignments to Browne and to the other companies were void. Defendant was successful in its suit and by the judgment the defendants, there proceeded against, were directed to assign to the complainant in the suit all the inventions and patents, which this plaintiff had undertaken to assign to them. That judgment was affirmed by the Appellate Division ; but an appeal was taken to, and is pending in, this court. It, also, appears that upon the expiration of the year of this contract, plaintiff left the defendant's employment. ' Thereafter this action was commenced by him.

By one finding, the fact is stated that, although the contract of 1898, here sued upon, recited the interests of the plaintiff in the several patents, he did not own any such and that it was so understood by both parties. By another finding, the fact is stated to be that, at the time of making the contract, the plaintiff did not have title to the inventions, inasmuch as, under the agreement by which the defendant was organized, he had " vested the title to all improvements in folding box machinery, which he should thereafter make, in the defendant."

Upon these facts, it is difficult to perceive how the court, at Special Term, could reach the legal conclusion that the plaintiff was entitled to the equitable relief, which he demanded. In my opinion, there were two objections to the maintenance of the action. If, at the time of making this contract, the plaintiff had no interests in the inventions, or patents, to assign, as it was found, whether by reason of the equitable ownership

of the defendant, with which it had been originally vested by him, or by reason of his assignments to his associate, Browne, and to the companies they had formed in hostility to the defendant, then, there was no legal consideration for this contract. The instrument purporting, in pursuance of plaintiff's agreement in the contract, to assign his patent interests was worthless as such. It gave nothing to defendant, because plaintiff had nothing to transfer, and it was compelled to bring an action to enforce by a judgment its equitable right to the ownership of all of the inventions and patents, as against the other parties; whose knowledge of defendant's equities and whose complicity in the scheme to cheat it, as the findings make it to appear, obviously disabled them from retaining title under plaintiff's assignments to them. The judgment in that action showed that plaintiff had neither the legal title, nor the equitable title, to any of the patent rights, or interests, which he agreed by his contract to transfer, and how can it be said that defendant received any consideration for the agreement now sought to be enforced ?

This action is not to reform the contract and to establish it upon some other consideration; it is to compel the defendant to perform its agreement as made therein. That agreement was to reassign to plaintiff a one-quarter interest in all patent rights, " which he may have assigned to it," and that agreement implied and rested upon an assignment of some patent rights on his part. That he did not, and could not, do and so the obligation of the defendant, necessarily, fell.

Nor does the fourth finding of fact, that the parties understood that plaintiff was not the owner of any interest in the patents, affect the disposition of the case. That particular finding should be read in connection with the tenth finding that the plaintiff did not have title, because of having vested the defendant with his title under the agreement for the organization of the defendant. The apparent contradiction between the fifth finding, that he had sold and assigned his interest to certain companies, and the tenth finding is to be resolved in the appellant's favor and the facts are to be regarded

in the light of the latter finding. The purpose of procuring the agreement by the plaintiff may have been to divest him of any adverse interest and, thus, to remove any obstacle to the successful prosecution of a suit to enforce the title of the defendant. Any other purpose for the agreement is inconceivable. Certainly, we cannot suppose that the defendant, deliberately, entered into a contract with the plaintiff, which it knew the latter was incapable of performing on his part. If we are to assume that the parties intended by the contract to secure the plaintiff's favorable evidence in an action to be brought to enforce the defendant's rights, as it was suggested in the opinion of the trial judge, then the opinion of the Appellate Division, sufficiently, shows the impropriety and unenforceability of such a contract. It would be contrary to a sound public policy to recognize and to enforce an agreement to recompense a party for giving his evidence in an action to be commenced. (*Lyon* v. *Hussey*, 82 Hun, 15.)

Another objection to the maintenance of this action, if another need be mentioned, is that it was prematurely brought. If we might assume that the plaintiff had a cause of action under his contract, then until the defendant had finally established its title to the inventions and patents in question, it was in no position to perform. The plaintiff having been unable to give a title, the action to obtain one was necessary and, as it was found by the trial court, that action is still pending undetermined upon appeal. This objection applies as well to the demand for a reassignment of an interest in the patents, as to that for the reimbursement of the expenses connected with the patents.

For these reasons, in connection with the reasoning below, I advise the affirmance of the order appealed from and that judgment absolute be rendered against the plaintiff, upon his stipulation, with costs.

PARKER, Ch. J., O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur; HAIGHT, J., absent.

Order affirmed, etc.