## John F. Wright v. Jay Somers.

### Gen. No. 12,359.

1. CONTRACT—*to pay fact witness for loss of time, against public policy.* A contract to pay a fact witness for his loss of time occasioned by reason of his having to testify, is against public policy and void.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed March 15, 1906.

**Statement by the Court.** Appellant sued a street car company to recover damages for alleged injuries. In the trial he called appellee as a witness. After the trial appellee demanded that appellant pay him $200 for his loss of time occasioned by said suit and trial. Payment being refused, appellee brought suit, and in a trial in the Circuit Court recovered judgment in the sum of $200. This appeal followed.

PEASE, SMIETANKA & POLKEY, for appellant.

A. D. GASH and JAMES H. HOOPER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The evidence for appellee tended to prove that appellant had agreed to pay him $200 for his loss of time, whether or not appellant was successful in his suit. That of appellant that he never agreed to pay appellee any definite sum for his services.

The learned trial judge gave the following instruction:

"If the jury believe from the evidence that the defendant agreed to pay the plaintiff, Somers, $200 for his services as a witness, whether the defendant was successful in his suit or not, then your verdict should be in favor of the plaintiff. But if you believe from the evidence that the de-

fendant agreed to pay said Somers $200 if his, Wright's suit should be successful, then your verdict should be for the defendant."

It is inherent in the verdict that the jury found the issues of fact in favor of appellee.

We cannot affirm this judgment. The contract upon which it is based is against public policy. If affirmed, it would give ground for witnesses to extort unreasonable fees for their testimony; and might make it impossible for a poor suitor to obtain his rights.

It is against the spirit of our Constitution, which says: "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and *without being obliged to purchase it,* completely and without denial, promptly and without delay." Section 19, Article II.

The legislative department of our State has declared that every witness attending in his own county upon trials in the courts of record shall be entitled to receive the sum of one dollar for each day's attendance and five cents per mile each way for necessary travel. Section 47, chapter 53, R. S. Hurd. This is all the witness is entitled to receive. To demand more is forbidden by the policy and spirit of this statute.

If a witness, who knows a fact material to the issue in the cause, either before or after the service of a subpœna upon him, can traffic with the suitor, who desires to call him, as to the value of his testimony, and then call upon the courts to enforce the contract thus made, the tendency to evil consequences is apparent. Such a ruling leans toward the procurement of perjury; toward the raising up of a class of witnesses who, for a sufficient consideration, will give testimony that shall win or lose the lawsuit, toward the perversion of justice; and toward corruption in our courts.

We are not charging that any of these dangerous consequences happened in this case. It does not appear but that

appellee when called in the damage case testified simply and purely to the truth. But the affirmance of this judgment would so clearly tend to evil consequences that we must declare the contract upon which it is founded void as against public policy. Walker v. Cook, 33 Ill. App., 561; Gillett v. Board of Supervisors, 67 Ill., 256; Dodge v. Stiles, 26 Conn., 463; Quirk v. Muller, 14 Mont., 467.

The alleged contract is without consideration. When subpœnaed one is bound to attend the trial, and there to submit himself to an examination upon the facts in issue.

We are not here concerned with the question of the payment of expert witnesses. As was said by Justice Maule in Webb v. Page, 1 Car. & Kirw., 23: "There is a distinction between the case of a man who sees a fact and is called to prove it in a court of justice, and that of a man who is selected by a party to give his opinion on a matter with which he is peculiarly conversant from the nature of his employment in life. The former is bound, as a matter of public duty, to speak to a fact which happens to have fallen within his knowledge—without such testimony the course of justice must be stopped. The latter is under no such obligation. There is no such necessity for his evidence, and the party who selects him must pay him."

The judgment of the Circuit Court is reversed.

*Reversed.*