## John Hargarten v. Mary Berz, Administratrix.

### Gen. No. 12,384.

1. CONSIDERATION—*what will not support contract.* An agreement to pay money upon a claim which had been disputed and had been adjudicated against the claimant, is not supported by a promise to pay the same in the absence of some additional consideration moving to the promisor.

2. CONSIDERATION—*what not legal.* The giving of testimony by a non-expert witness is not such a consideration as will support a promise to pay money.

Contest in court of probate. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 24, 1906.

**Statement by the Court.** Appellant presented to the Probate Court of Cook County a claim against the estate of Bridget McGuirl, deceased, for the sum of $180, which was allowed. The administratrix thereupon appealed to the Circuit Court, which found in favor of the estate and rendered judgment for costs against the claimant.

It appears from evidence introduced in favor of appellant that there had been a controversy between him and the deceased in her lifetime over a wagon which the deceased had borrowed of appellant, and which, after she had retained it about two years, he regained possession of only after resorting to an action in replevin. In that action he obtained return of the property replevied with one cent damages, and it is said brought a subsequent suit against the deceased before a justice of the peace to recover damages for use of the wagon. In this he was not successful.

Some time thereafter the deceased, Mrs. McGuirl, had a suit pending against the Sanitary District of Chicago, in which she sought to recover damages alleged to have been caused by said district to her property and business. At the trial of said suit her attorney caused appellant to be subpœnæd as a witness in her behalf. Appellant responded

to the subpœna, but told her attorney in that suit that he did not want to testify, because of the way she had treated him in the matter of the wagon, claiming that she owed him $180, which she refused to pay. Her attorney testifies that they needed appellant's testimony as to the value of the business of the deceased, which was then in controversy, and calling Mrs. McGuirl out of the court room, he told her what appellant's attitude in the matter was, whereupon she told appellant that if he would remain and testify in her behalf, she would pay him the $180 in dispute between them. He did remain and testify and she afterward again promised to pay him that sum as soon as she got the money. The suit against the Sanitary District was decided in her favor. She died about three years thereafter without paying the money so promised or any part of it. The claim in controversy is based upon this alleged promise.

There is testimony by Edward McGuirl, son of the deceased, that his mother made no such promise, but the preponderance of the evidence, together with affidavits produced in support of a motion for a new trial, tend to discredit his testimony in this respect.

WILLIAM E. HUGHES, for appellant.

JAMES S. DEMING and L. E. LAMBERT, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Assuming that the deceased in her lifetime made the promise as alleged and that it has not been fulfilled, we are of the opinion nevertheless that the Circuit Court committed no error in the finding and judgment complained of against appellant's claim. He was in attendance at the court room where and when the alleged promise was made in obedience to a regular subpœna requiring him to attend and give his testimony. For this he was entitled to and probably received the compensation allowed by law. He was not legally entitled to demand more. It does not appear that he was an expert in any sense, though he may

have had knowledge of the business of the deceased which made his testimony valuable to her at that time. See Linn v. Sigsbee, 67 Ill. 75, 81–2. If, therefore, it is sought to maintain the present claim on the ground that the promise of the deceased was an agreement to pay appellant the sum demanded as compensation for and in consideration of services to be rendered as a witness, the contention cannot be sustained. Nor was the promise an agreement or new promise to pay an antecedent debt. So far as appears, the deceased was under no legal obligation to pay appellant for the use of the wagon, whatever moral obligation there may have been. That controversy had been decided by a court of competent jurisdiction in her favor, and no new consideration passed to the deceased for the promise. Without such consideration, it was not and never became a valid and binding obligation against the deceased in her lifetime, and cannot be enforced against her estate. Walker v. Cook, 33 Ill. App. 561–563, and cases there cited; Dodge v. Stiles, 26 Conn. 463–466; Tolhurst v. Powers, 133 N. Y. 460–462.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*