## CLIFFORD v. HUGHES.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. APPEAL AND ERROR (§ 295*)—PRESENTATION OF QUESTIONS IN LOWER COURT—VALIDITY OF CONTRACT—MOTION TO SET ASIDE VERDICT.

In the absence of a motion by plaintiff, suing to recover compensation under a contract for attending court as a witness, to set aside for insufficiency of damages the verdict allowing a recovery for legal witness fees only and an appeal from the order thereon, the question of the validity of the contract is not raised.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1704; Dec. Dig. § 295.*]

2. CONTRACTS (§ 346*)—INVALIDITY—PLEADING—GENERAL DENIAL.

That a contract is illegal on the ground of public policy may be taken advantage of by defendant under a general denial, where the fact of illegality appears on the face of the complaint.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1726, 1728; Dec. Dig. § 346.*]

3. CONTRACTS (§ 129*)—INVALIDITY—PUBLIC POLICY.

Where a witness who is not interested in the result of the controversy resides within the state and is amenable to process therein, an agreement to compensate him in an amount in excess of the legal fees for attending as a witness and testifying only as to facts within his knowledge is contrary to public policy and void.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 617; Dec. Dig. § 129.*]

4. CONTRACTS (§ 350*)—EVIDENCE—SUFFICIENCY.

In an action to recover compensation for conferring with defendant's attorney relative to a matter, evidence *held* to show that plaintiff conferred with such attorney on three different occasions so as to authorize a recovery therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1819; Dec. Dig. § 350.*]

Appeal from Trial Term, Richmond County.

Action by Frederick W. Clifford against Joseph J. Hughes. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

Charles Lex Brooke, for appellant.
L. W. Widdecombe, for respondent.

BURR, J. Plaintiff alleges in his complaint: First, an agreement with defendant to attend as a witness in the Surrogate's Court in New York county, upon the trial of a certain proceeding to be held therein for the probate of the will of defendant's father; and, second, a further agreement to confer with defendant's attorneys relative to the testimony which he should give upon such proceeding. In consideration thereof defendant agreed to pay plaintiff a sum equal to that which an attorney at law would reasonably charge for his time and services. There was evidence that on several occasions plaintiff attended at the Surrogate's Court prepared to testify, and finally did

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testify, in the probate proceedings. On at least two of these occasions a subpœna was given to him, but no fee was paid. The learned trial court charged the jury that plaintiff was not entitled to recover for his time and services on the days when he attended as a witness beyond his legal fees as such witness, upon the ground that an agreement to pay therefor was against public policy.

Plaintiff excepted to this part of the charge, and now contends: First, that the question of the invalidity of the contract on that ground cannot be raised under a general denial; and, second, that the court's instruction was incorrect. In the absence of a motion by plaintiff to set aside the verdict for insufficiency of damages, and appeal from the order entered thereon, we think that neither of these questions is before us; but, as the judgment which plaintiff did recover must be reversed and a new trial granted, it may be expedient to consider both of them.

When a contract is illegal upon the ground of public policy, and this fact appears upon the face of the complaint, or necessarily appears from plaintiff's evidence, advantage of this may be taken by defendant under a general denial. Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454; Carey v. Western Union Tel. Co., 20 Abb. N. C. 333; Young v. Rummell, 2 Hill, 478, 38 Am. Dec. 594; Edson v. Weston, 7 Cow. 278. Where a witness who is not interested in the result of the controversy resides within this state, and is amenable to process therein, an agreement to compensate him in an amount in excess of the legal fees for attending as a witness and testifying only as to facts within his knowledge is contrary to public policy and void. Cowles v. Rochester Folding Box Co., 81 App. Div. 414, 80 N. Y. Supp. 811, affirmed 179 N. Y. 87, on page 92, 71 N. E. 468; Lyon v. Hussey, 82 Hun, 15, 31 N. Y. Supp. 281; Willis v. Peckham, 1 Brod. & B. 515; Collins v. Godefroy, 1 Barn. & Ald. 950; Dodge v. Stiles, 26 Conn. 463; Walker v. Cook, 33 Ill. App. 561; Ramschault's Estate, 24 Pa. Super. Ct. 262.

The learned trial court left it to the jury to say what would be a fair compensation to plaintiff for his services in attending and conferring with defendant's attorneys prior to the trial. The jury found a verdict in his favor for $300. The evidence wholly fails to sustain such a finding. In his bill of particulars, plaintiff only specifies six of such interviews, and his evidence does not disclose a greater number. He introduced evidence that his services were worth $20 on each occasion, but no necessity is shown for the greater part of these interviews. Plaintiff is a lawyer. It is not pretended that he was retained by defendant to render any legal services. In January, 1904, he learned from one Whelihan that either in a trunk or an old coat (the evidence is a little uncertain) he had found a paper which purported to be a last will and testament of defendant's father. Plaintiff advised him to take it to the clerk of the Surrogate's Court of New York county and deposit it with him and take his receipt for it, which he did. This is apparently all that plaintiff knew about the transaction. In June, 1904, he called upon one Norman L. Kerngood, who was then defendant's attorney, and told him of these facts. He

testifies to a second call upon Kerngood; but the subject-matter of this interview does not appear, nor the necessity for it. Afterwards, defendant seems to have employed another attorney, named Tinkham, who called upon plaintiff, and he restated the facts to him. It appears also that Tinkham called upon plaintiff a second time, but the necessity or importance of this interview is not shown. Finally, just before the case was tried, another attorney, one Philip Carpenter, was called in. Plaintiff had a conference with him, at which his statement was taken down by a stenographer. No reason is given for any further conference between them, although it is claimed that one was had. At the most, therefore, plaintiff was only entitled to recover for attendance on 3 occasions, yet, at the rate charged by him, the jury would seem to have awarded him compensation for 15. There was one other conference which plaintiff claims to have had with a Col. Haire, who was at one time defendant's counsel; but as this was on an occasion when plaintiff was in attendance in the Surrogate's Court, and he did not go specially to meet him, we think that he could make no charge therefor.

The judgment and the order denying the motion for a new trial herein must be reversed, and a new trial granted; costs to abide the event. All concur.