EVA K. CONLON, Plaintiff, *v.* JAMES H. MARSH, EDWARD B. HOSIER and THE LAWYERS' TITLE INSURANCE AND TRUST CO., Defendants.

(Supreme Court, New York Special Term, November, 1916.)

Assignments — of dower — pleading — when assignment against public policy — judgment.
Contracts — invalidity of — where contract is in contravention of statute or rule of law — when not permitted to waive objection of illegality.

Where in an action to have two assignments of dower absolute in form set aside it appears that the first assignment was to one who immediately made the second assignment to the real party in interest, the complaint will be dismissed as to the first assignee on the ground that he was neither a proper nor necessary party to the action.

Where both assignments were made as collateral for loans thereafter to be made by the second assignee to plaintiff and in proceedings by her creditors seeking to enforce their claims against said dower interest such assignments were represented to have been made for a valuable consideration, thereby defeating the creditors' claims, there should be judgment for defendants but without costs on the ground that the assignments were against public policy.

Where a contract is in contravention of a statute or rule of law intended for the protection of the parties, the benefit of which they may waive, the defense of the invalidity of the contract must be pleaded.

Where a contract is against public policy the court, *sua sponte*, will refuse to enforce it and the parties thereto will not be permitted to waive the objection of the illegality of the contract.

ACTION to have two assignments of dower adjudged to have been given as collateral for certain loans, since paid, surrendered up and canceled.

David Steckler, for plaintiff.

Greene, Hurd & Stowell (Van Zandt & Webb, of counsel), for defendant Edward B. Hosier.

Bernard Aronson, for defendant James H. Marsh.

HOTCHKISS, J.  Mrs. Conlon, the plaintiff, sues to have two assignments of dower (a) from her to defendant Marsh and (b) from Marsh to defendant Hosier, each absolute in form and dated November 22, 1909, adjudged to have been given by her to Hosier as collateral for certain loans, since paid, and to have the several instruments surrendered up and canceled. The voluminous testimony and exhibits disclose a farrago of chicane, fraud and perjury, involving not alone the acts of Mrs. Conlon and the defendant Hosier, but as well the professional conduct of three members of the bar.  Because I am loathe to say anything which might prejudice the case of any of these individuals should their acts be hereafter the subject of proceedings in any other forum, I refrain from doing more than to state the conclusions I have reached on those particular merits upon which I base my decision.  As indicated upon the trial, the complaint will be dismissed as to defendant James H. Marsh on the ground that it fails to state facts sufficient to constitute him either a proper or a necessary party.  *Seiferd* v. *Mulligan*, 36

App. Div. 33.  I shall find as follows:  (1) The assignment of dower (Exhibit 8) from Eva B. Conlon, plaintiff, to James H. Marsh, dated November 22, 1909, and as well the assignment of dower (Exhibit 9) from James H. Marsh to defendant Edward B. Hosier, were severally executed by the plaintiff as her free acts and deeds.  Each, as it imports upon its face, was absolute in form and was so known and intended by plaintiff to be at the time of its execution and also at the time of its delivery to defendant Hosier, and neither of the assignments was either in form or substance or in fact executed or delivered because of any misrepresentation whatsoever by James H. Marsh.  (2) The James H. Marsh named in each of the assignments was this defendant James H. Marsh and not his father, who bore the same name.  (3) The assignment from plaintiff to Marsh was without any consideration whatsoever and was made in pursuance of an understanding between plaintiff and Marsh that he would forthwith assign the dower to Hosier.  (4) On or about November 23, 1909, both of said assignments were by the plaintiff delivered to the defendant Hosier as collateral security for certain loans thereafter to be made by him to the plaintiff.  Thereafter Hosier loaned plaintiff certain moneys on the faith and security of the several assignments.  (5) At various times in the year 1911 and thereafter, but prior to the commencement of this action, and in various actions and proceedings wherein creditors of the plaintiff were pursuing her, seeking to reach her said dower interest and to enforce their claims against the same, the plaintiff, aided and abetted by Hosier, and for the purpose of hindering, delaying and defrauding plaintiff's creditors, repeatedly, in verified pleadings, affidavits and otherwise, represented and made it appear to said creditors, to this court and to those persons through whom payments on account

of said dower were to be made, that said dower interest had been sold to Hosier for a valuable consideration and that said several assignments were in fact absolute and not conditional and as collateral security for said loans, and that they had been delivered to Hosier as muniments of his indefeasible title to said dower. It follows from the foregoing that there must be judgment for defendant Hosier, but without costs. The foregoing conclusion of law is based upon the following reasoning: If a conveyance in its inception is made with the intent to hinder, delay or defraud creditors, the grantee will not, at the suit of the grantor, be decreed to reconvey, since the grantor comes into equity with unclean hands. The rule is not one adopted for the protection of the grantee or solely in the interest of creditors. It is based upon public policy and is applied whether or not the grantee participated in the fraud and whether or not any interest of creditors is involved in the particular suit. *Robertson* v *Sayre,* 134 N. Y. 97; *Simis* v. *Simis,* 146 App. Div. 655; *Bolt* v. *Rogers,* 3 Paige, 154; *Sweet* v. *Tinslar,* 52 Barb. 271; *Renfrew* v. *McDonald,* 11 Hun, 254. There is no substantial distinction between the fraudulent use of an assignment fraudulent in its inception and the fraudulent use of an assignment *bona fide* in its inception. In the latter case, as in the common case of a fraudulent assignment for a valid consideration, but with secret reservations, the gist of the fraud is not the assignment, but the concealment of its true nature and its use for a fraudulent purpose. It has accordingly been held that such subsequent use of an assignment, *bona fide* when made, taints the assignment with fraud the same as if such fraud had originally been the motive of its execution. *Bigelow* v. *Sheehan,* 150 Mich. 507–514; *Bauer Grocery Co.* v. *Smith,* 61 Mo. App. 655; *Lamont* v. *Regan,* 96 Ill. App. 359, 363. The

**510** P<small>EOPLE</small> *v.* F<small>ISHER</small>.

Court of Gen. Sessions, N. Y. County, November, 1916.   [Vol. 97.

objection that the fraud has not been pleaded is not available. If the invalidity of a contract is because of its contravention of a statute or rule of law intended for the protection of the parties, the benefit of which they may waive, the defense of invalidity must be pleaded. But the case is different where the contract is against public policy. Such a contract the court, *sua sponte,* will refuse to enforce and the parties will not be permitted to waive the objection. *Dunham* v. *Hastings Pavement Co.,* 56 App. Div. 244; *Kearns* v. *New York & C. P. Ferry Co.,* 19 Misc. Rep. 19.

Judgment accordingly.