WALTER H. NIELSEN, Plaintiff, *v.* BARNEY E. DONNELLY,
Defendant.

(Municipal Court of the City of New York, Borough of Manhattan,
January, 1920.)

Actions — cannot be maintained on betting contract although
valid in state where made — games and gaming.

> An action to recover the amount of a wager made upon a
> horse race in the state of Louisiana, though enforceable there,
> cannot be maintained in the state of New York, and the
> illegality of the contract may be availed of though not pleaded.

ACTION on wager made on horse race in Louisiana.

John J. Pheelan, for plaintiff.

Joseph B. Rosenback, for defendant.

FRIEDLANDER, J. The action is brought to recover the
sum of $450 upon betting contracts made at New
Orleans in the state of Louisiana between January
15 and January 25, 1919. The bets were made between
the plaintiff and the defendant at the race track known
as the Fair Grounds Course in the city of New
Orleans and were in substance that if certain horses
won, the defendant would win the sum of $695, and
if these horses lost, he would lose $450. It is con-
ceded that the horses upon which the bets were placed
lost. The memoranda of the bets are in writing and
were offered in evidence by the plaintiff.

The pleadings of the case were oral, and in accord-
ance with the practice of this court there was indorsed
on the back of the summons, as stating the plaintiff's

cause of action, the following: " Breach of contract of wager made by defendant with plaintiff at New Orleans, Louisiana."

The answer is a general denial. On the trial the plaintiff offered in evidence Merrick's Code of Louisiana (2d ed.), articles 2982 and 2983. Section 2983 reads: "Action on bets: Horse racing, etc, the law grants no action for the payment of what has been won at gaming or by a bet *except* for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, *horse* and *chariot* racing.

"And as to such games, the Judge may reject the demand, when the sum appears to him excessive."

Called as a witness in his own behalf, he testified in substance that both the defendant and himself were residents of the city of New York; that they met in the city of New Orleans and in the month of January the bets referred to were made at the New Orleans race track. These bets were evidenced by writings which were offered in evidence, one of which is sufficiently illustrative of the remainder. " 100/50 — Marmite B. E. D. Win 50."

He further testified that the horses referred to in these memoranda ran and that the horses bet on by the defendant did not win, and that demand was made for the payment of the sum specified to be paid in the event of the horses losing and that payment was refused.

This completed plaintiff's case and defendant moved to dismiss the complaint on the grounds: 1. That plaintiff has failed to make out a cause of action. 2. That the contract is unenforcible in this state. 3. That it is against the law in this state and is void on the ground that it is against public policy.

It is sought to sustain a recovery here upon the theory that as the contracts are valid under the laws

of the state of Louisiana, they are valid and enforcible here. *St. Ceran* v. *Sherman,* 18 La. Ann. 520; *Shreveport* v. *Maloney,* 107 La. 193; *New Orleans* v. *Collins,* 52 La. Ann. 976; *Barham* v. *Livingston,* 12 id. 618.

I am of the opinion that comity between the states does not require nor permit the recognition of plaintiff's claim by the courts of this state. The contract upon which recovery is sought is a gaming contract, void and illegal under the Constitution and laws of the state of New York, and judicial comity does not require that such contract shall be enforced.

By article 1, section 9, of the Constitution of the state of New York, no bookmaking or any other kind of gambling shall be authorized or allowed within this state, and the legislature is empowered to pass appropriate laws to prevent offenses against the provisions of this section. Under the authority so conferred the legislature enacted section 991 of the Penal Law, which reads: "All wagers, bets or stakes, made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event whatever, shall be unlawful."

The Court of Appeals in *Meacham* v. *Jamestown, F. & C. R. R. Co.,* 211 N. Y. 346, held that judicial comity did not require the courts of this state to enforce a contract in this state which is contrary to a declared policy of our courts; and in *Marshall* v. *Sherman,* 148 N. Y. 9, 25, the court said that the statutes of one state have, *ex proprio vigore,* no force or effect in another, and that their enforcement depended upon our own express or tacit consent which is given only by virtue of the doctrine of comity which has many limitations and qualifications, and that each sovereignty has the right to determine for itself its true scope and extent, but the court continues in its opinion: "The courts of this state are open to all suitors to

enforce *rights of action,* transitory in their nature, recognized by the common law or founded in natural justice, and when no law of the forum or any principle of public policy interferes.''

It is a rule of general application that a contract, although valid where it is made and is to be enforced, will not be treated as valid by the courts of another jurisdiction whose laws expressly declare such a contract to be void or make it a crime to engage in such a transaction since the courts of no state will uphold contracts which are deemed to be injurious to the public rights of its people, offensive to their morals or in contravention of public law. 20 Cyc. 924; *Minzesheimer* v. *Doolittle,* 60 N. J. Eq. 394; *Gooch* v. *Faucett,* 122 N. C. 270; *Bartlett* v. *Collins,* 109 Wis. 477.

It follows that the court must deny plaintiff relief.

The plaintiff urges that the court cannot consider the illegal nature of the contract for the reason that there has been no affirmative plea of illegality. This is without force for it is well settled that if the illegal character of the contract appears upon the plaintiff's case, it may be availed of without affirmative plea (*Clifford* v. *Hughes,* 139 App. Div. 730; *Landes* v. *Hart,* 131 id. 6); and again, if the illegality of the contract is established, the court, of its own motion, will refuse to enforce it. *Conlon* v. *Marsh,* 97 Misc. Rep. 506; *Barry* v. *Mulhall,* 162 App. Div. 749; *Sprague* v. *Webb,* 168 id. 292.

There must be judgment for the defendant dismissing the complaint, with costs.

Judgment for defendant, with costs.