Richard W. Wallach, J.
The complete miscarriage of a previously dismissed action by plaintiff (“Farbman”) a subcontractor, to recover upon its prime contractor’s payment bond, has now generated the present odd suit against a potential witness for alleged “breach of contract” to appear and testify, accompanied by two other stale claims sounding in fraud. The Statute of Limitations is an insuperable barrier to the fraud causes, and public policy mandates dismissal of the balance of the complaint upon defendants’ present motion for summary judgment.
It appears from the papers that defendant Continental Casualty Co. (“ Continental ”) issued a bond under date of March 17, 1961, to guarantee payments by a prime contractor (Field) on construction work for defendant YMHA. Field’s construction contract with YMHA was described in the bond as being dated February, 1961. For reasons never clearly explained, defendant Warach, the manager of YMHA, altered the bond in March, 1961 so as to change the date of the construction contract referred to therein from “ February, 1961 ” to “ June 26, 1961.” This penmanship proved fatal to Farbman when Field became insolvent and Farbman brought suit on the bond. Plaintiff’s action against Continental was dismissed after two trial days in Supreme Court on the ground that Continental was relieved of liability by Warach’s material alteration in its bond, never consented to by the surety.
Justice Helmam in Supreme Court dismissed Farbman’s first action on the bond in April, 1967, when it was unable to proceed, that court refusing a continuance on the plea that Warach had agreed to testify “ for ’’plaintiff and had reneged on his promise. Such default is claimed in the third cause of action to have damaged plaintiff in a sum equal to what it would hopefully have recovered on the bond. A fourth cause of action, (originally for the unviable claim of “ contempt ” but recast in supplementary memoranda as a suit for inducing breach of contract) is pressed against Donald B. Knight (“ Knight ”), the attorney *238 for Continental, on the theory that he was responsible for causing Warach to dishonor his “ contract ” to testify.
As to Warach’s liability for breach of contract as a defaulting witness, both parties have strenuously argued the presence or absence of adequate consideration, but it is unnecessary to pass upon that issue, inasmuch as the contract, if ever made, is legally Unenforceable. Warach’s duty to appear could never lawfully arise under contract, since he was subject to subpoena at all times. As observed in Clifford v. Hughes (139 App. Div. 730, 731) “Where a witness who is not interested in the result [Warach’s was not a defendant in the first action] of the controversy resides within this State, and is - amenable to process therein, an agreement to compensate him in an amount in excess of the legal fees for attending as a witness and testifying only as to facts within his knowledge, is contrary to public policy and void.”
Although the Clifford case involved a suit by a nonexpert witness for the value of his testimonial services, the same policy considerations operate against an action by a disappointed suitor against his defaulting witness (see Griffith v. Harris, 17 Wis. 2d 255, cert. den. 373 U. S. 927, where the court dismissed such a suit brought by an erstwhile malpractice plaintiff against two physicians for damages claimed to have arisen by breach of their promise to testify on plaintiff’s behalf). (See, also, Cowles v. Rochester Folding Box Co., 179 N. Y. 87; 6A Corbin, Contracts [1962 ed.], § 1430.)
Since the contract with the witness is void as against public policy, it follows that Farbman’s fourth cause of action against attorney Knight for inducing its breach must also fail. Where a contract is illegal, “ an action may not be maintained for its breach, nor for inducing its breach.” (Paramount Pad Co. v. Baumrind, 4 N Y 2d 393, 397.)
The other two causes of action for fraud against the YMHA and Warach -are time barred. All the acts constituting the alleged fraud occurred in 1961, thus outlawing the action under the six-year limitation of CPLK. 213 (subd. 9). Nor is plaintiff aided by the statute extending the time to commence an action to within two years from the discovery of the alleged fraud (CPLK 203, subd. [f]), since it was apprised of the pertinent facts upon receipt of Warach’s affidavit as to the alteration in November, 1965, thus extending the statutory period only until November, 1967. This action was commenced in April, 1969.
The contention made by plaintiff that the statute only commenced to run in April, 1967, since its actual damage only arose by reason of the dismissal of its first action, is untenable. “ A *239 subsequent court decision which affects a party’s legal rights does not revive a cause of action which is not timely instituted, or extend the time within which to bring the action or proceeding (italics added),” (Matter of Williamson v. Fermoile, 31 A D 2d 438, 441).
Accordingly, defendants’ motion for summary judgment is granted and the complaint is dismissed.